**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000449
21-MAR-2022
08:08 AM
Dkt. 22 OGMD**

NO. CAAP-21-0000449

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

AMAN SAMRAO, M.D., Petitioner-Appellant, v.
LORRIE BETSILL NIELSON, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DSS-21-0000169)

ORDER GRANTING MOTION TO DISMISS APPEAL
(By:  Ginoza, Chief Judge, Leonard and McCullen, JJ.)

Upon consideration of Respondent-Appellee Lorrie Bestell Nielson's (**Nielson**) October 26, 2021 "Motion to Dismiss [Petitioner-Appellant Aman Samrao, M.D. (**Samrao**)]'s Appeal from Order Denying Amended Non-Hearing Motion to Reconsider Dated July 26, 2021 for Lack of Appellate Jurisdiction," the papers in support and in opposition, and the record, the following appears:

Nielson asks the court to dismiss the appeal, under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 3,[1] because Samrao violated HRAP Rules 10(b)(2) and 12.1 by failing to timely request transcripts or file a jurisdiction statement.  Further, Nielson requests that the court sanction Samrao and award Nielson attorneys' fees and costs under HRAP Rule 12.1(e)[2] for violating

---

[1] Nielson cites to the portion of HRAP Rule 3 that states: "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal."

[2] HRAP rule 12.1(e) provides: "Failure to file a statement of jurisdiction may result in sanctions, including dismissal of the appeal following notice and a meaningful opportunity to be heard."

the court's policy against piecemeal appeals, because this is the first of three appeals initiated by Samrao from the same underlying proceeding.

In opposition, Samrao concedes that the appeal should be dismissed. However, Samrao argues that an award of attorney's fees and costs to Nielson is not warranted because: Nielson did not need to file the motion to dismiss the appeal where the court had already issued a notice that Samrao was in default on the jurisdiction statement and opening brief and the court could dismiss the appeal *sua sponte*; Samrao's counsel purportedly was "seeking out a stipulation" to withdraw the appeal; and Nielson never demanded that Samrao dismiss the appeal.

On October 20, 2021, the Appellate Clerk notified the parties that Samrao had failed to file a jurisdiction statement or opening brief by the deadline, the matter would be brought to the court's attention on November 1, 2021, and the appeal may be dismissed. Samrao did not respond to the notice or file a statement of jurisdiction or opening brief.

Therefore, IT IS HEREBY ORDERED that the motion to dismiss the appeal is granted, and the appeal in CAAP-21-0000449 is dismissed for Samrao's failure to file the statement of jurisdiction and the opening brief.

IT IS FURTHER ORDERED that the motion for sanctions is denied, without prejudice to Nielson seeking attorney's fees and costs under Hawaii Revised Statutes § 604-10.5(h) should she be the prevailing party in the action as specified in that statute.

DATED: Honolulu, Hawaiʻi, March 21, 2022.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge